The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, Arkansas 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion on eight questions involving the upcoming school elections in the Ozark Mountain School District. Specifically, you note that the Ozark Mountain School District is a consolidated district comprised of the following former school districts: St. Joe (Searcy County), Bruno-Pyatt (Marion County) and Western Grove (Newton County). You note that because it is a consolidated district, it is required to elect a new board at the school election to be held on September 21, 2004. You note that although the district has substantial area in three different counties, the "headquarters" of the district is in Searcy County. Finally, you note that the district has been divided into seven zones for the election of board members and that some of these zones cross county lines. You pose the following eight questions regarding the upcoming elections:
 1. Should all candidates for school board file their petitions in Searcy County (the headquarters county of the district) even if the candidates reside in another county and the zone he wishes to run in lies completely in another county?
 2. If the answer to question number one is "no," in which county does a candidate file when the zone lies in two counties?
 3. If the answer to question number one is "yes," should a candidate who timely filed a petition in Newton or Marion counties, but not in Searcy County, be placed on the ballot anyway?
 4. If the answer to question number three is "yes," what steps should the county clerk of each county and the appropriate election commission take to accomplish this result?
 5. If the answer to question number three is "no," and if no candidate legally files for a position in a given zone, is there a vacancy in such a position?
 6. If there are no legal candidates for a majority of the positions on the board so that the board is composed only of a minority of its members, are vacancies filled by the quorum court pursuant to 6-13-611(b)?
 7. If the answer to question number 5 is "yes," which county's quorum court fills those vacancies?
 8. Should early voting be held in all three county clerk's offices or just in Searcy County? Who decides where early voting should be held — the election commission of Searcy County, or each county clerk?
RESPONSE
In my opinion the answer to your first question is unclear under current law. The statutes provide, however, that the county board of election commissioners in the county where the district is "domiciled . . . for administrative purposes," is to designate the polling sites and provide election supplies and appoint election officials for holding school elections, even in areas of the district that lie in other counties. It may be reasonable to conclude, therefore, that filing should take place in the "headquarters" county (Searcy County). Again, however, the issue is unclear under current law. In response to your second question, again, the proper filing location is unclear under current law. In response to your third question, it is my opinion that the answer is "yes." Because the law is not entirely clear on this point, a candidate who timely filed a proper petition in Newton or Marion County should be placed on the ballot. In response to your fourth question, in my opinion the county clerks of Newton and Marion County should certify the relevant petitions to the Searcy County Board of Election Commissioners under A.C.A. § 6-14-111. An answer to your fifth question is unnecessary in light of my conclusion above. Answers to your sixth and seventh questions would appear to be similarly unnecessary in light of my conclusion above. In response to your eighth and final question, again, the statutes are somewhat unclear on this point. In my opinion, however, because the Searcy County Election Commission is to conduct the election even in the outlying counties, it is reasonable to conclude that the proper "county clerk" for purposes of making early voting available is the Searcy County clerk. In my opinion, however, the Searcy County Election Commission has authority under A.C.A. § 7-5-418 and A.C.A. § 6-14-106, to designate additional polling locations for early voting in Newton and Marion counties.
Question 1 — Should all candidates for school board file their petitionsin Searcy County (the headquarters county of the district) even if thecandidates reside in another county and the zone he wishes to run in liescompletely in another county?
The answer to this question is unclear under current law. The relevant statute is A.C.A. § 6-14-111 (Supp. 2003), which provides in pertinent part:
 (a) The county board of election commissioners shall prepare and furnish ballots and all other necessary supplies for the annual school election.
 (b)(1) The county board of election commissioners shall place on the ballots as candidates for school district director names of any qualified voters whose names have been filed and verified by the county clerk.
 (2) The county clerk shall certify to the board of election commissioners that the petition contains the names of at least twenty (20) qualified registered voters who are residents of the district and respective electoral zone, if directors are elected from zones, at least forty-five (45) days before the annual school election.
Emphasis added.
This statute does not mention or address a school district with land lying in more that one county. The statute requires the board of election commissioners to place on the ballot the names of persons who have filed verified petitions with "the county clerk." The statute does not specify which county clerk is the proper filing location in a school district containing land in more than one county.
Another statute, however, A.C.A. § 6-14-106, does address school districts with land lying in more than one county in the context of school elections. It provides as follows:
 (a) The county board of election commissioners of each county shall designate all the polling sites for each school district in its respective county, including districts having territory in more than one (1) county but which are domiciled in its county for administrative purposes, and shall provide the election supplies and appoint the election officials for holding all school elections.
 (b) If a school district has territory in more than one (1) county, the county board of election commissioners of the county in which it is domiciled shall either:
 (1) Designate one (1) or more polling sites in each county in which any part of the district lies; or
 (2) Designate one (1) or more polling sites in the county in which the district is domiciled for administrative purposes, at which all qualified electors of the district, regardless of their county of residence, may vote.
 (c) When the county board of election commissioners of any county in which a district is domiciled for administrative purposes determines that a polling site shall not be designated in the other county in which a portion of the district lies, it shall designate a polling site in the county in which the district is administered for those electors of the district in the other county to vote. The board shall take appropriate action to assure that the necessary precinct registration files are delivered to that polling site in order that the electors in the nonadministering county may vote in the school election.
 (d) The board of directors of each school district shall cause to be published, by at least one (1) insertion in a newspaper with general circulation in the county wherein the school district is located, not more than ten (10) days nor less than three (3) days prior to any school election, a notice identifying the polling site for each ward or precinct. If the polling site for any ward or precinct has changed since the last election, the notice shall indicate the change.
Although this statute does not address the proper filing location, it does appear to give the domiciliary county board of election commissioners broad authority over the conduct of school elections in districts with land in more than one county. It might be suggested from this authority that the proper filing location is with the Searcy County Clerk. In my opinion, however, the issue is not clear under current law.
Question 2 — If the answer to question number one is "no," in whichcounty does a candidate file when the zone lies in two counties?
See response to Question 1 above.
Question 3 — If the answer to question number one is "yes," should acandidate who timely filed a petition in Newton or Marion counties, butnot in Searcy County, be placed on the ballot anyway?
In my opinion the answer to this question is "yes." Again the relevant statute, A.C.A. § 6-14-111, requires the board of election commissioners to place on the ballot the names of persons who have filed verified petitions with "the county clerk." In my opinion the relevant board of election commissioners is, pursuant to A.C.A. § 6-14-106, the Searcy County Board of Election Commissioners. The statute does not specify, however, which of the three possible county clerks' offices is the proper filing location in this situation. In my opinion therefore, if a candidate for the school board filed a proper, timely, verified petition with one of the three "county clerk[s]," he or she should not be denied placement on the ballot.
Question 4 — If the answer to question number three is "yes," what stepsshould the county clerk of each county and the appropriate electioncommission take to accomplish this result?
In my opinion A.C.A. § 6-14-111(b)(2) above, requires the Newton or Marion County Clerk to "certify to the board of election commissioners that the petition contains the names of at least twenty (20) qualified registered voters who are residents of the district and respective electoral zone, if directors are elected from zones, at least forty-five (45) days before the annual school election." In this situation, the relevant board of election commissioners is the Searcy County Board of Election Commissioners. If candidates have filed for school board positions on the Ozark Mountain School Board with the Newton County and Marion County clerks, those clerks should certify the petitions to the Searcy County Board of Election Commissioners pursuant to the statute above. Legislative clarification of the proper filing location is advisable for future elections.
Question 5 — If the answer to question number three is "no," andif no candidate legally files for a position in a given zone, isthere a vacancy in such a position?
An answer to this question is unnecessary in light of my response to Question 3, above.
Question 6 — If there are no legal candidates for a majority of thepositions on the board so that the board is composed only of a minority ofits members, are vacancies filled by the quorum court pursuant to6-13-611(b)?
I assume that an answer to this question is also unnecessary in light of my responses above. I will set out, however, the relevant statute, which provides in pertinent part that:
 (a) If a vacancy occurs on the school district board of directors, the vacancy shall be filled by a majority vote of the remaining directors.
 (b) If, as a result of several vacancies on the board, only a minority of the directors remain or if the remaining directors fail to fill vacancies within thirty (30) days, the vacancies shall be filled by appointment by the county quorum court.
I will note that, similar to A.C.A. § 6-14-111, this statute does not address or contemplate a school district with territory in more than one county. Legislative clarification is therefore indicated in this regard.
Question 7 — If the answer to question number 5 is "yes," which county'squorum court fills those vacancies?
See response to Question 6, above.
Question 8 — Should early voting be held in all three county clerk'soffices or just in Searcy County? Who decides where early voting shouldbe held — the election commission of Searcy County, or each countyclerk?
In my opinion, again, the answers to these questions are not entirely clear under Arkansas law. Section 7-5-418 (Supp. 2003) of the Arkansas Code addresses early voting. As an initial matter, subsection (a) of this statute provides as follows:
 (a)(1) Early voting shall be available to any qualified elector who applies to the county clerk's designated early voting location, beginning fifteen (15) days before a preferential primary, general primary, general election, or general run-off election between the hours of 8:00 a.m. to 6:00 p.m. Monday through Friday and 1:00 p.m. to 4:00 p.m. Saturday and ending at 6:00 p.m. on the Monday before the election.
 (2) However, on all other elections, early voting shall be available to any qualified elector who applies to the county clerk during regular office hours, beginning fifteen (15) days before an election and ending on the day before the election day at the time the county clerk's office regularly closes.
Emphasis added.
This statute does not specifically address school elections, nor does it address early voting in school elections in districts that contain territory in more than one county. At a minimum, however, the statute above can be read to require early voting in school elections at the office of the county clerk in the county in which the school district is domiciled for administrative purposes (Searcy County). This fact can be gleaned from A.C.A. § 6-14-106, which places the responsibility for conducting school district elections in such school districts in the county where the district is "domiciled." If any clerk is required to make early voting available to school district voters under A.C.A. §7-5-418, it is reasonable to conclude that it would be the county clerk where the school district is domiciled for administrative purposes. Again, Section 6-14-106 gives such boards of election commissioners the power to designate all polling places for the school election. This fact is important when discussing whether additional early voting polling places can be established as well in Marion and Newton Counties. The authority of the Searcy County Board of Election Commissioners to create polling places under A.C.A. § 6-14-106, when read together with the provisions of the early voting law (A.C.A. 7-5-418), lead to the conclusion that the Searcy Board has authority to decide where early voting will be held in the Ozark Mountain School District election. Section 7-5-418 provides in this regard that:
 (b)(1)(A) The county board of election commissioners may decide to hold early voting at additional polling sites outside the offices of the county clerk and to include the additional voting locations for a maximum of fifteen (15) days on any of the days and times provided for in subsection (a) of this section, if it so chooses.
* * *
 (b)(3)(B) If the county board decides to hold early voting at additional polling sites outside the office of county clerk, the county clerk may choose not to hold early voting within the office of the county clerk. The county clerk shall notify the county board within ten (10) days of the receipt of notice from the county board regarding early voting at additional polling sites.
Again, the statutes relating to early voting do not clearly address the situation at hand. In my opinion, however, the Searcy County Board of Election Commissioner has the power to determine the locations for early voting in accordance with the statutes above.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh